# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

                  Plaintiff,

        v.

THOMAS CLEVELAND-               Case No. 3:21-cr-00119-SLG
MCMICHAEL,

                  Defendant.

## ORDER RE MOTION TO DISMISS THE INDICTMENT

Before the Court at Docket 78 is Defendant Cleveland-McMichael's *Motion to Dismiss the Indictment.* The Government responded in opposition to the motion at Docket 86.

In 2018, Mr. Cleveland-McMichael was convicted of an offense in violation of 18 U.S.C. § 922(g)(3).[1]  Mr. Cleveland-McMichael now seeks an order dismissing the Indictment in this case, which charges him with being a Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), in light of the Supreme Court's recent decision in *New York State Rifle & Pistol Association v. Bruen.*[2]  In *Bruen*, the Supreme Court held that,

> when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct.  To justify its regulation, the government may not simply posit that the

---

[1] *See United States v. Cleveland-McMichael*, 3:17-cr-00161, Docket 18 (D. Alaska April 5, 2018).

[2] 142 S. Ct. 2111, 2126 (2022).

regulation promotes an important interest.  Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation.[3]

Mr. Cleveland-McMichael makes both a facial and an as-applied challenge to 18 U.S.C. § 922(g)(1), asserting that the statute burdens his Second Amendment right to keep and bear arms.[4]  According to Mr. Cleveland-McMichael, "the Government cannot carry its burden of demonstrating that Section 922(g)(1)'s application to Mr. Cleveland-McMichael's conduct is consistent with this nation's historical tradition of firearm regulation at the founding."[5]  He also asserts that the statute that formed the basis for his prior felony conviction, 18 U.S.C. § 922(g)(3), is unconstitutional in light of *Bruen* and "cannot support a firearms prohibition pursuant to 18 U.S.C. § 922(g)(1)."  In addition, he maintains it is unconstitutionally vague.  Therefore, he maintains, the Indictment must be dismissed.[6]

As to the § 922(g)(1) charge, the Government responds that Ninth Circuit precedent, which holds that felon-in-possession statutes do not violate the Second Amendment, "has not been overruled by an en banc court or the Supreme Court."[7] And the Government asserts that "the historical record supports the conclusion

---

[3] *Id.*

[4] Docket 78 at 2.

[5] Docket 78 at 3.

[6] Docket 78 at 2–3.

[7] Docket 86 at 4 (citing *United States v. Vongxay*, 594 F.3d 1111, 1118 (9th Cir. 2010)).

Case No. 3:21-cr-00119-SLG-SAO, *USA v. Cleveland-McMichael*
Order re Motion to Dismiss the Indictment
Page 2 of 10

that felons are not entitled to Second Amendment protection."[8]  With respect to the

§ 922(g)(3) charge, the Government responds that Mr. Cleveland-McMichael's

collateral attack is untimely and legally barred, and that § 922(g)(3) is neither

unconstitutional in the wake of *Bruen* nor unconstitutionally vague.[9]

## I.    Second Amendment jurisprudence prior to *Bruen*

The Second Amendment provides that "[a] well regulated Militia, being

necessary to the security of a free State, the right of the people to keep and bear

Arms, shall not be infringed."[10]  Like other constitutionally protected rights, the right

to bear arms is "subject to certain reasonable, well-defined restrictions."[11]  In other

words, "[l]ike most rights, the right secured by the Second Amendment is not

unlimited."[12]   Limitations on the Second Amendment were recognized prior to

*Bruen*; as relevant here, the Supreme Court and the Ninth Circuit have consistently

acknowledged that the Second Amendment's protections do not extend to the

possession of firearms by felons.

In *District of Columbia v. Heller*, the Supreme Court extensively reviewed

the pre- and post-Second Amendment history of firearms rights in the United

States.   The Supreme Court held that Washington, D.C.'s ban on handgun

---

[8] Docket 86 at 7.

[9] Docket 86 at 14-29.

[10] U.S. Const. amend. II.

[11] *Bruen*, 142 S. Ct. at 2156 (citing *District of Columbia v. Heller*, 554 U.S. 570, 581 (2008)).

[12] *Heller*, 554 U.S. at 626.

Case No. 3:21-cr-00119-SLG-SAO, *USA v. Cleveland-McMichael*
Order re Motion to Dismiss the Indictment
Page 3 of 10
Case 3:21-cr-00119-SLG-SAO   Document 103   Filed 03/23/23   Page 3 of 10

possession within the home violated the Second Amendment.[13]  In so holding, the Supreme Court emphasized that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons."[14]  The Supreme Court stated that the prohibition on the possession of firearms by felons was "presumptively lawful."[15]  Two years later, in *McDonald v. City of Chicago*, the Supreme Court explained that "[w]e made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons . . . .'"[16]

The Ninth Circuit has relied on *Heller* and *McDonald* to uphold the constitutionality of § 922(g)(1).  In *United States v. Vongxay*, the Circuit held that "§ 922(g)(1) does not violate the Second Amendment as it applies to Vongxay, a convicted felon."[17]  The Circuit recognized that "the historical question has not been definitively resolved," but noted that "most scholars of the Second Amendment agree that the right to bear arms was 'inextricably . . . tied to' the concept of a 'virtuous citizen[ry]' that would protect society through 'defensive use of arms against criminals, oppressive officials, and foreign enemies alike,' and that 'the right to bear arms does not preclude laws disarming the unvirtuous citizens

---

[13] *Id*. at 635.

[14] *Id.* at 626.

[15] *Id.* at 626 n.26.

[16] 561 U.S. 742, 786 (2010) (quoting *Heller*, 554 U.S. at 626–27).

[17] 594 F.3d 1111, 1118 (9th Cir. 2010).

Case No. 3:21-cr-00119-SLG-SAO, *USA v. Cleveland-McMichael*
Order re Motion to Dismiss the Indictment
Page 4 of 10
Case 3:21-cr-00119-SLG-SAO   Document 103   Filed 03/23/23   Page 4 of 10

(i.e. criminals).'"[18] In *Van Der Hule v. Holder*, the Circuit held that "§ 922(g)(1) continues to pass constitutional muster."[19] In *United States v. Phillips*, the Ninth Circuit stated that "under Supreme Court precedent and our own," the court "must" "assum[e] the propriety of felon firearm bans."[20]

Prior to *Bruen*, other circuits also recognized that federal statutes criminalizing felons possessing firearms do not violate the Second Amendment. After *Heller*, the Courts of Appeals have unanimously upheld the constitutionality of § 922(g)(1) against facial attacks.[21]

## II.    The *Bruen* framework

After *Heller*, many circuits used a two-step test when considering whether a statute or regulation comported with the Second Amendment.[22] In *Bruen*, however, the Supreme Court held that the two-step test was "one step too many"[23] and instead announced a single-step analysis:

> when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government

---

[18] *Id.* at 1118 (alterations in original) (quoting Don B. Kates, Jr., *The Second Amendment: A Dialogue*, 49 L. & Contemp. Probs. 143, 146 (1986) (citations omitted); *see also id.* at 1117 (stating that "[f]elons are often, and historically have been, explicitly prohibited from militia duty") (citation omitted).

[19] 759 F.3d 1043, 1051 (9th Cir. 2014).

[20] 827 F.3d 1171, 1175 (9th Cir. 2016).

[21] *See, e.g.*, *United States v. Bogle*, 717 F.3d 281, 282 n.1 (2d Cir. 2013) (collecting cases).

[22] See *Bruen*, 142 S. Ct. at 2126–27 for a discussion of the two-step analysis.

[23] *Id.* at 2127.

Case No. 3:21-cr-00119-SLG-SAO, *USA v. Cleveland-McMichael*
Order re Motion to Dismiss the Indictment
Page 5 of 10
Case 3:21-cr-00119-SLG-SAO   Document 103   Filed 03/23/23   Page 5 of 10

must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation.[24]

Despite this change in the Second Amendment analytical framework, nothing in *Bruen* indicates that the Supreme Court has repudiated its earlier pronouncements that the Second Amendment's protections do not extend to felons. The *Bruen* Court explained that *Heller* does not support the two-step means-ends scrutiny applied by the circuit courts,[25] but it did not alter *Heller's* statement that the prohibition of firearms by felons is "longstanding" and "presumptively lawful."[26] Indeed, the *Bruen* majority noted that its holding is "in keeping with *Heller*."[27] Justice Kavanaugh, joined by Chief Justice Roberts, stated that *Bruen* does not disturb what the Court said in *Heller* about the restrictions imposed on possessing firearms, namely the "longstanding prohibitions on the possession of firearms by felons."[28] Justice Alito stated in his concurrence: "Nor have we disturbed anything that we said in *Heller* or *McDonald* . . . ."[29] Justice Breyer, joined by Justices Kagan

---

[24] *Id.* at 2126.

[25] *Id.* at 2127.

[26] *See United States v. Ingram*, No. 0:18-557-MGL-3, 2022 WL 3691350, at *2 (D.S.C. Aug. 25, 2022) ("The Court agrees with the government that *Bruen* clarified and 'reiterated[,]' rather than modified, the constitutional ruling in *Heller*.").

[27] 561 U.S. at 2126.

[28] *Bruen*, 142 S. Ct. at 2162 (Kavanaugh, J., concurring) (citation omitted).

[29] *Id.* at 2157 (Alito, J., concurring).

Case No. 3:21-cr-00119-SLG-SAO, *USA v. Cleveland-McMichael*
Order re Motion to Dismiss the Indictment
Page 6 of 10

Case 3:21-cr-00119-SLG-SAO   Document 103   Filed 03/23/23   Page 6 of 10

and Sotomayor, stated that *Bruen* "cast[s] no doubt on" *Heller*'s treatment of laws

prohibiting firearms possession by felons.[30]

As of December 2022, only one circuit court had considered a post-*Bruen*

challenge to the constitutionality of Section 922(g)(1); it held that the statute was

constitutional. However, that circuit decision has since been vacated and a petition

for rehearing en banc has been granted.[31]   The Government lists over 100 district

court cases in its brief that it indicates have each upheld the statute's continuing

validity post-*Bruen*.[32]   In *United States v. Hill*, the Southern District of California

concluded that "the reasoning of *Vongxay* and *Heller*—on which *Vongxay* relies—

are not 'clearly irreconcilable with the reasoning or theory' of *Bruen*.  Accordingly,

*Bruen* did not 'effectively overrule' *Vongxay* and this Court is bound by *Vongxay*

and its progeny."[33]   In *United States v. Siddoway*, the District of Idaho concluded

that "[t]he Ninth Circuit's reasoning in *Vongxay* is consistent with that critical

second prong.  The court determined that '[o]ur examination . . . of historical gun

---

[30] *Id.* at 2189 (Breyer, J., dissenting).

[31] *Range v. Att'y Gen. United States*, 53 F.4th 262 (3d Cir. 2022) (per curiam), *reh'g en banc granted, opinion vacated*, 56 F.4th 992 (3d Cir. 2023).  *See also United States v. Rahimi,* 61 F.4th 443 (5th Cir. Mar. 2, 2023) (The Fifth Circuit Court of Appeals held that § 922(g)(8), prohibiting possession of firearms by someone subject to domestic violence restraining order, violates the Second Amendment.), *petition for cert. docketed* (U.S. Mar. 21, 2023) (No. 22-915).

[32] Docket 86 at 11-13 n.2.

[33] Case No. 21cr107 WQH, 2022 WL 4361917, at *3 (S.D. Cal. Sept. 20, 2022) (quoting *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003)).  The District Court was also "persuaded by the historical analysis performed by the Court of Appeals for the D.C. Circuit in *Medina v. Whitaker*, 913 F.3d 152, 158–60 (D.C. Cir. 2019), which 'look[ed] to tradition and history' and concluded that 'the historical evidence and the Supreme Court's discussion of felon disarmament laws leads us to reject the argument that non-dangerous felons have a right to bear arms.'" *Id.*

Case No. 3:21-cr-00119-SLG-SAO, *USA v. Cleveland-McMichael*
Order re Motion to Dismiss the Indictment
Page 7 of 10
Case 3:21-cr-00119-SLG-SAO   Document 103   Filed 03/23/23   Page 7 of 10

restrictions . . . lends credence to the post-*Heller* viability' of the previous determination that 18 U.S.C. § 922(g)(1) does not violate the Second Amendment."[34]   The District of Idaho concluded that it was thus bound by *Vongxay*.[35]  This Court has not identified any district court in the Ninth Circuit that has found the federal felon in possession statute to be unconstitutional when applying the analytical framework set forth in *Bruen*.  Accordingly, the motion to dismiss the indictment on this basis is denied.

Mr. Cleveland-McMichael also asserts that his prior felony conviction under 18 U.S.C. § 922(g)(3) is invalid because that statute is unconstitutional.   This statute criminalizes the possession of a firearm by drug users and addicts.  He points to a recent decision from the Western District of Oklahoma that determined that the statute violated the defendant's Second Amendment rights in the wake of *Bruen*.[36]  He also asserts that the statute is unconstitutionally vague because it "fails to define what it means to be an addict, or one who unlawfully uses a controlled substance."[37]  For this proposition, he cites to a recent decision from the District Court in Utah that held that "§ 922(g)(3) is unconstitutionally vague both

---

[34] Case No. 1:21-cr-00205-BLW, 2022 WL 4482739, at *2 (D. Idaho Sept. 27, 2022) (alterations and omissions in original) (quoting *Vongxay*, 594 F.3d at 1116).

[35] *Id.*

[36] Docket 78 at 31-32 (citing *United States v. Harrison*, 5:22-cr-00328-PRW, 2023 WL 1771138 (W.D. Okla. Feb 3, 2023) (district court concluded that Harrison's "mere status as a user of marijuana" was "not a constitutionally permissible means of disarming Harrison" under 18 U.S.C. § 922(g)(3)), *appeal filed*, Case No. 23-6028 (10th Cir. March 3, 2023).

[37] Docket 78 at 32.

Case No. 3:21-cr-00119-SLG-SAO, *USA v. Cleveland-McMichael*
Order re Motion to Dismiss the Indictment
Page 8 of 10

because it fails to give ordinary people fair notice of what conduct it prohibits and because it invites courts, rather than the legislature, to decide what constitutes a crime."[38]

The Government responds that Mr. Cleveland-McMichael's collateral attack on the predicate felony conviction under § 922(g)(3) is legally barred. And if the Court were to reach the merits on the validity of that statute, the Government maintains this statute is constitutional under *Bruen* and not fatally vague.[39]

The Court finds that Mr. Cleveland-McMichael is precluded from challenging the validity of the predicate felony offense at this time. In the § 922(g)(3) plea agreement in the 2018 case, Mr. Cleveland-McMichael expressly waived his right to collaterally attack the constitutional validity of that statute.[40] Moreover, the Supreme Court has held that § 922(g)(1) precludes a felon from possessing a firearm "despite the fact that the predicate felony may be subject to collateral attack on constitutional grounds."[41] Based on the foregoing, even if § 922(g)(3) were

---

[38] Docket 78 at 33 (quoting *United States v. Morales-Lopez*, 2:20-cr-00027-JNP, 2022 WL 2355920, at *8 (D. Utah June 30, 2022)), *appeal filed,* Case No. 22-4074 (10th Cir. August 1, 2022).

[39] Docket 86 at 14.

[40] *See United States v. Cleveland-McMichael*, 3:17-cr-00161, Docket 18 (D. Alaska April 5, 2018) at 2, 10-11.

[41] *Lewis v. United States*, 445 U.S. 55, 64–65 (1980) (Although the Supreme Court considered a challenge to § 1202(a)(1), it noted that § 922(g)(1) "impose[s] a disability not only on a convicted felon but also on a person under a felony indictment, even if that person subsequently is acquitted of the felony charge."); *see also U.S. v. Padilla,* 387 F.3d 1087, 1090–91 (9th Cir. 2004).

Case No. 3:21-cr-00119-SLG-SAO, *USA v. Cleveland-McMichael*
Order re Motion to Dismiss the Indictment
Page 9 of 10
Case 3:21-cr-00119-SLG-SAO  Document 103  Filed 03/23/23  Page 9 of 10

constitutionally infirm, a question which this Court need not and does reach, that would not serve as a basis to dismiss the current charge.

**CONCLUSION**

The Court finds that the Supreme Court's previous emphasis on the validity of prohibitions on the possession of firearms by felons continues after *Bruen*. Because 18 U.S.C. § 922(g)(1) criminalizes the possession of firearms by felons, this Court determines that the statute would be upheld by the Supreme Court using the interpretation method pronounced in *Bruen*. The Court further finds that Mr. Cleveland-McMichael is precluded from raising a collateral challenge to the predicate felony conviction under 18 U.S.C. § 922(g)(3) in this proceeding. For these reasons, the motion at Docket 78 is DENIED.

IT IS SO ORDERED.

DATED this 23rd day of March, 2023 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:21-cr-00119-SLG-SAO, *USA v. Cleveland-McMichael*
Order re Motion to Dismiss the Indictment
Page 10 of 10
Case 3:21-cr-00119-SLG-SAO   Document 103   Filed 03/23/23   Page 10 of 10